## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

VINCENT A. GORMAN, JR.

      Plaintiff,

  vs.

WACHOVIA CORPORATION and
WACHOVIA SECURITIES, LLC,

      Defendants.

08 CIV. 7409

Civil Action No. _____

JUDGE KARAS

NOTICE OF REMOVAL

TO:  Anthony Pirrotti, Jr., Esq.
      Pirrotti Law Firm LLC
      2 Overhill Road, Suite 200
      Scarsdale, New York 10583
      Attorneys for Plaintiff Vincent A. Gorman, Jr.

**PLEASE TAKE NOTICE** that defendant Wachovia Corporation, a North Carolina corporation with its principal place of business at 301 College Street, Charlotte, North Carolina 28288 and defendant Wachovia Securities LLC, a wholly-owned subsidiary of Wachovia Securities Financial Holdings LLC with its principal place of business at 1 North Jefferson, St. Louis, Missouri 63103 (hereinafter, collectively "Wachovia" or "Defendants"), by their undersigned counsel, hereby remove the above-captioned action from the Supreme Court of the State of New York, County of Westchester to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, based upon the following:

    1.    On or about July 11, 2008, plaintiff, Vincent A. Gorman, Jr., commenced a civil action by filing a Complaint in the Supreme Court of the State of New York, County

of Westchester, entitled *Vincent A. Gorman, Jr. v. Wachovia Corporation and Wachovia Securities, LLC,* Index No. 15246-08.

2.     The Summons, Complaint and Civil Case Information Statement were served upon or otherwise received by Defendant Wachovia Securities LLC on July 23, 2008 and by Defendant Wachovia Corporation on July 25, 2008.

3.     Pursuant to 28 U.S.C. § 1447(b), this Notice of Removal is being filed within thirty (30) days of the first date on which Defendants received copies of the Summons and Complaint, through service or otherwise.

4.     Pursuant to 28 U.S.C. § 1446(b), copies of the Summons, Complaint and Affidavit of Service, which constitute all process, pleadings and orders received by or otherwise known to Defendants in this action are attached hereto as Exhibits A, B and C, respectively.

5.     As of this date, none of the Defendants have filed responsive pleadings in this action and no other proceedings have transpired in this action.

6.     Upon information and belief, and as alleged in the Complaint, Plaintiff is a citizen of the State of New York, residing at 21 Maple Avenue, Village of Hastings-On-Hudson, County of Westchester.

7.     Wachovia Corporation is a North Carolina corporation with its principal place of business at 301 College Street, Charlotte, North Carolina 28288.

8.     Wachovia Securities LLC is a wholly-owned subsidiary of Wachovia Securities Financial Holdings LLC.  Wachovia Securities Financial Holdings LLC is a

joint venture owned by two public companies: Wachovia Corporation, which is incorporated in and has its principal place of business in the State of North Carolina; and Prudential Financial, Inc., incorporated in and having its principal place of business in the State of New Jersey. Wachovia Securities LLC has its principal place of business at 1 North Jefferson, St. Louis, Missouri. For purposes of diversity, Wachovia Securities LLC is a citizen of the States of Missouri, North Carolina and New Jersey.

9.      Diversity of citizenship existed among the parties when Plaintiff's Complaint was filed. Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

10.      Because this matter includes, *inter alia*, a claim for commission income in excess of $1 million, the matter in controversy exceeds $75,000, exclusive of interest and costs.

11.      The United States District Court for the Southern District of New York has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because this is a civil action in which there is complete diversity of citizenship between plaintiff and defendants and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.      Pursuant to 28 U.S.C. §1446(b), this Notice is being filed with this Court within thirty (30) days of defendants' first receipt through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based.

13.      Therefore, this action is removable pursuant to 28 U.S.C. §1441.

14.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is simultaneously being submitted for filing with the Clerk of the Supreme Court of the State of New York, Westchester County, and is being served upon plaintiff's counsel of record.

15.    In filing this Notice of Removal, Defendants do not waive their objections to any defects in service of process, venue or personal jurisdiction and expressly preserve the arbitratibility of Plaintiff's claims.

Dated:   August 20, 2008

FISHER & PHILLIPS LLP

By:_____

KATHLEEN McLEOD CAMINITI
Of Counsel for the Firm
430 Mountain Avenue
Murray Hill, New Jersey 07974
Phone: (908) 516-1050
E-mail: kcaminiti@laborlawyers.com

Attorneys for Defendants

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------x

VINCENT A. GORMAN, JR.,

         Plaintiff,

  -against-

WACHOVIA CORPORATION and WACHOVIA
SECURITIES, LLC,

         Defendants.

-----------------------------------------------------------------x

Index No.

Date Purchased

Plaintiff designates
**WESTCHESTER**
County as the place of trial.
The basis of the venue is
Residence of Plaintiff

**SUMMONS**

Plaintiff resides at
21 Maple Avenue
Hastings-on-Hudson, NY
County of Westchester

To the above-named Defendants:

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and
to serve a copy of your answer, or, if the complaint is not served with this summons,
to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the
service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State
of New York); and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the complaint.

Dated: Scarsdale, New York
   July 8, 2008

       Yours, etc.

     By: _____

      ANTHONY PIRROTTI, JR.
      PIRROTTI LAW FIRM LLC
      Attorneys for Plaintiff
      Office and Post Office Address
      2 Overhill Road, Suite 200
      Scarsdale, New York  10583
      (914) 723-4333

RECEIVED
JUL 1 1 2008
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

TO: WACHOVIA CORPORATION   WACHOVIA SECURITIES, LLC
  301 South College St., Suite 4000  1 North Jefferson
  One Wachovia Center     St. Louis, MO  63103
  Charlotte, NC 28288-0013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------x
VINCENT A. GORMAN, JR.,

                                 Plaintiff,

             - against -

WACHOVIA CORPORATION and WACHOVIA
SECURITIES, LLC,

                              Defendants.
-------------------------------------------------------------------x

**VERIFIED
COMPLAINT**

Index No.

         Plaintiff, by his attorneys, PIRROTTI LAW FIRM LLC, as and for his Verified

Complaint, respectfully alleges as follows:

         1.       That plaintiff, VINCENT A. GORMAN, JR., was and is a resident of 21

Maple Avenue, Village of Hastings-On-Hudson, County of Westchester, in the State

of New York.

         2.       Defendant, WACHOVIA CORPORATION, was a foreign corporation.

         3.       Defendant, WACHOVIA CORPORATION, is a foreign corporation.

RECEIVED

JUL 11 2008

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

4.    The    corporate    headquarters    of    defendant,    WACHOVIA

CORPORATION, are located at 301 South College Street, Suite 4000, One Wachovia

Center, Charlotte, North Carolina, 28288-0013.


5.    Defendant, WACHOVIA CORPORATION, was authorized to conduct

business in the State of New York.


6.    Defendant, WACHOVIA CORPORATION, is authorized to conduct

business in the State of New York.


7.    Defendant, WACHOVIA CORPORATION, did transact business in the

State of New York.


8.    Defendant, WACHOVIA CORPORATION, transacts business in the

State of New York.


9.    Defendant, WACHOVIA CORPORATION, is licensed to conduct

business in the State of New York and is registered with the New York Division of

Corporations.

2

10.    Defendant, WACHOVIA CORPORATION, conducts business in the State of New York.

11.    Defendant, WACHOVIA CORPORATION, has an office in the State of New York.

12.    Defendant, WACHOVIA CORPORATION, has employees in the State of New York.

13.    Defendant, WACHOVIA SECURITIES, LLC, was a foreign limited liability company.

14.    Defendant, WACHOVIA SECURITIES, LLC, is a foreign limited liability company.

15.    The headquarters of defendant, WACHOVIA SECURITIES, LLC, is located at 1 North Jefferson, St. Louis, Missouri, 63103.

3

16.    Defendant, WACHOVIA SECURITIES, LLC, was authorized to conduct business in the State of New York.

17.    Defendant, WACHOVIA SECURITIES, LLC, is authorized to conduct business in the State of New York.

18.    Defendant, WACHOVIA SECURITIES, LLC, did transact business in the State of New York.

19.    Defendant, WACHOVIA SECURITIES, LLC, transacts business in the State of New York.

20.    Defendant, WACHOVIA SECURITIES, LLC, is licensed to conduct business in the State of New York and is registered with the New York Division of Corporations.

21.    Defendant, WACHOVIA SECURITIES, LLC, conducts business in the State of New York.

22.    Defendant, WACHOVIA SECURITIES, LLC, was a member of the NYSE/SIPC.

23.    Defendant, WACHOVIA SECURITIES, LLC, is a member of the NYSE/SIPC.

24.    Defendant, WACHOVIA SECURITIES, LLC, was a registered broker-dealer of defendant, WACHOVIA CORPORATION.

25.    Defendant, WACHOVIA SECURITIES, LLC, is a registered broker-dealer of defendant, WACHOVIA CORPORATION.

26.    Defendant, WACHOVIA SECURITIES, LLC, was a separate nonbank affiliate of defendant, WACHOVIA CORPORATION.

27.    Defendant, WACHOVIA SECURITIES, LLC, is a separate nonbank affiliate of defendant, WACHOVIA CORPORATION.

28. Defendant, WACHOVIA CORPORATION, owned defendant, WACHOVIA SECURITIES, LLC.

29. Defendant, WACHOVIA CORPORATION, owns defendant, WACHOVIA SECURITIES, LLC.

30. Defendant, WACHOVIA CORPORATION, operated defendant, WACHOVIA SECURITIES, LLC.

31. Defendant, WACHOVIA CORPORATION, operates defendant, WACHOVIA SECURITIES, LLC.

32. Defendant, WACHOVIA CORPORATION, maintained defendant, WACHOVIA SECURITIES, LLC.

33. Defendant, WACHOVIA CORPORATION, maintains defendant, WACHOVIA SECURITIES, LLC.

34.    Defendant, WACHOVIA CORPORATION, managed defendant, WACHOVIA SECURITIES, LLC.

35.    Defendant, WACHOVIA CORPORATION, manages defendant, WACHOVIA SECURITIES, LLC.

36.    Defendant, WACHOVIA CORPORATION, controlled defendant, WACHOVIA SECURITIES, LLC.

37.    Defendant, WACHOVIA CORPORATION, controls defendant, WACHOVIA SECURITIES, LLC.

38.    Defendant, WACHOVIA SECURITIES, LLC, was a subsidiary of defendant, WACHOVIA CORPORATION.

39.    Defendant, WACHOVIA SECURITIES, LLC, is a subsidiary of defendant, WACHOVIA CORPORATION. (Hereinafter defendant, WACHOVIA CORPORATION, and defendant, WACHOVIA SECURITIES, LLC, will be collectively referred to as "WACHOVIA").

7

40.    Defendant, WACHOVIA, sells retail securities and brokerage securities to the general public in the State of New York.

41.    Defendant, WACHOVIA, sells retail securities and brokerage securities to the general public through agents, employees, servants, and/or independent contractors in the State of New York.

42.    Defendant, WACHOVIA, is an entity with a branch office located at 41 South Moger Avenue, Mt. Kisco, New York.

43.    Defendant, WACHOVIA, is an entity with a branch office located at 535 Madison Avenue, New York, New York.

44.    Defendant, WACHOVIA, is governed by the Securities and Exchange Commission ("SEC").

45.    Cotto & Padovani Financial Strategies Group a/k/a Cotto & Padovani Financial Strategies Group of Wachovia Services (hereinafter referred to as "Cotto &

8

Padovani"), had a place of business located at 41 South Moger Avenue, Mt. Kisco, New York.

46. Cotto & Padovani is not a legal entity.

47. "Cotto & Padovani" is a name that is used by WACHOVIA, as a name for doing business to give financial strategy advice, by WACHOVIA employees.

48. Cotto & Padovani's place of business located at 41 South Moger Avenue, Mt. Kisco, New York was a branch office of defendant, WACHOVIA.

49. Cotto & Padovani had a place of business located at 535 Madison Avenue, New York, New York and was a branch office of defendant, WACHOVIA.

50. Cotto & Padovani's place of business located at 535 Madison Avenue, New York, New York was a branch office of defendant, WACHOVIA.

51. Defendant, WACHOVIA, owned Cotto & Padovani.

9

52.    Defendant, WACHOVIA, operated Cotto & Padovani.

53.    Defendant, WACHOVIA, maintained Cotto & Padovani.

54.    Defendant, WACHOVIA, managed Cotto & Padovani.

55.    Defendant, WACHOVIA, controlled Cotto & Padovani.

56.    Defendant, WACHOVIA, supervised Cotto & Padovani.

57.    Cotto & Padovani was an agent of defendant, WACHOVIA.

58.    Cotto & Padovani was an employee of defendant, WACHOVIA.

59.    Paul Padovani is an employee of defendant, WACHOVIA.

60.    James Cotto is an employee of defendant, WACHOVIA.

61.    Cotto & Padovani was a servant of defendant, WACHOVIA.

10

62.  Cotto & Padovani was an independent contractor of defendant, WACHOVIA.

63.  Cotto & Padovani was in the retail securities brokerage services business.

64.  Cotto & Padovani offered retail securities brokerage services on behalf of defendant, WACHOVIA.

65.  Defendant, WACHOVIA, controlled the manner in which Cotto & Padovani offered retail securities brokerage services on behalf of defendant, WACHOVIA.

66.  Defendant, WACHOVIA, supervised the manner in which Cotto & Padovani offered retail securities brokerage services on behalf of defendant, WACHOVIA.

67.  Cotto & Padovani sold retail securities brokerage services on behalf of defendant, WACHOVIA.

11

68.    Defendant, WACHOVIA, controlled the manner in which Cotto & Padovani sold retail securities brokerage services on behalf of defendant, WACHOVIA.

69.    Defendant, WACHOVIA, supervised the manner in which Cotto & Padovani sold retail securities brokerage services on behalf of defendant, WACHOVIA.

70.    Guy Schoepfer was an employee of defendant, WACHOVIA.

71.    Guy Schoepfer was an servant of defendant, WACHOVIA.

72.    Guy Schoepfer was an agent of defendant, WACHOVIA.

73.    Guy Schoepfer was an independent contractor of defendant, WACHOVIA.

74.    Guy Schoepfer was a manager for defendant, WACHOVIA.

12

75.    Guy Schoepfer was a manager for the Greenwich branch of defendant, WACHOVIA.

76.    Guy Schoepfer was assigned by defendant, WACHOVIA, to supervise the operations at Cotto & Padovani.

77.    Guy Schoepfer was assigned by defendant, WACHOVIA, to supervise the operations at 41 South Moger Avenue, Mt. Kisco, New York.

78.    Guy Schoepfer was assigned by defendant, WACHOVIA, to control the operations at Cotto & Padovani.

79.    Guy Schoepfer was assigned by defendant, WACHOVIA, to control the operations at the branch office located at 41 South Moger Avenue, Mt. Kisco, New York.

80.    Guy Schoepfer had a duty to report any problems and/or issues at Cotto & Padovani to defendant, WACHOVIA.

13

81.    Guy Schoepfer had a duty to report any problems and/or issues at the branch office of 41 South Moger Avenue, Mt. Kisco, New York to defendant, WACHOVIA.

82.    Plaintiff, VINCENT A. GORMAN, JR., is a financial consultant.

83.    In 2001, plaintiff, VINCENT A. GORMAN, JR., was hired by defendant, WACHOVIA.

84.    Plaintiff, VINCENT A. GORMAN, JR., was a commission salesperson for defendant, WACHOVIA.

85.    In 2001, plaintiff, VINCENT A. GORMAN, JR., was hired by defendant, WACHOVIA, as a financial consultant.

86.    In 2001, plaintiff, VINCENT A. GORMAN, JR., was hired by defendant, WACHOVIA, as a sales representative.

87.   Plaintiff, VINCENT A. GORMAN, JR., was an employee of defendant, WACHOVIA.

88.   Plaintiff, VINCENT A. GORMAN, JR., was a servant of defendant, WACHOVIA.

89.   Plaintiff, VINCENT A. GORMAN, JR., was an agent of defendant, WACHOVIA.

90.   Plaintiff, VINCENT A. GORMAN, JR., was an independent contractor for defendant, WACHOVIA.

91.   Plaintiff, VINCENT A. GORMAN, JR., worked for defendant, WACHOVIA, at 41 South Moger Avenue, Mt. Kisco, New York.

92.   Plaintiff, VINCENT A. GORMAN, JR., worked for defendant, WACHOVIA, at Cotto & Padovani, located at 41 South Moger Avenue, Mt. Kisco, New York.

93.    Upon being hired in 2001, plaintiff ,VINCENT A. GORMAN, JR., and defendant, WACHOVIA,  entered into a written agreement.

94.    Upon being hired in 2001, plaintiff, VINCENT A. GORMAN, JR., and defendant, WACHOVIA,  entered into a signed written agreement.

95.    In 2005, plaintiff, VINCENT A. GORMAN, JR., and defendant, WACHOVIA,  entered into a written agreement.

96.    In 2005, plaintiff, VINCENT A. GORMAN, JR., and defendant, WACHOVIA,  entered into a signed written agreement

97.    The written agreement(s) set forth the terms of plaintiff's compensation by defendant, WACHOVIA.

98.    The written agreement(s) stated that plaintiff would receive commission(s) if the plaintiff brought in new business to defendant, WACHOVIA.

16

99.    The written agreement(s) concerning commission(s) to plaintiff if plaintiff brought in new business to defendant, WACHOVIA, was confirmed orally.

100.    The written agreement(s) stated the percentage of the commission(s) plaintiff would earn if the plaintiff brought in new business to defendant, WACHOVIA.

101.    The written agreement(s) stated the percentage of the commission(s) plaintiff would earn if the plaintiff brought in new clients/patrons to defendant, WACHOVIA.

102.    Defendant, WACHOVIA, agreed to pay plaintiff a commission for all business plaintiff was responsible for bringing in to defendant, WACHOVIA.

103.    Defendant, WACHOVIA, agreed to pay plaintiff a commission for all business generated by a new client/patron that plaintiff was responsible for bringing in to defendant, WACHOVIA.

104.  Defendant, WACHOVIA, agreed to pay plaintiff a twenty (20%) percent commission for all business plaintiff was responsible for bringing in to defendant, WACHOVIA.

105.  Defendant, WACHOVIA, agreed in writing to pay plaintiff a twenty (20%) commission for all business generated by a new client/patron that plaintiff was responsible for bringing in to defendant, WACHOVIA.

106.  Defendant, WACHOVIA, orally agreed to pay plaintiff a twenty (20%) commission for all business generated by a new client/patron that plaintiff was responsible for bringing in to defendant, WACHOVIA.

107.  Twenty (20%) percent commission for business generated by a financial advisor is below fair market value and/or the industry standard.

108.  The fair market value/industry standard for commission paid to a financial advisor is between thirty-five (35%) and forty (40%) percent.

109.   Twenty (20%) percent commission for business generated by a financial consultant is below fair market value and/or the industry standard.

110.   The fair market value and/or industry standard for commission paid to a financial consultant is between thirty-five (35%) and forty (40%) percent.

111.   Defendant, WACHOVIA, issued plaintiff's pay check.

112.   Defendant, WACHOVIA, calculated the amount plaintiff was to be paid every pay-period.

113.   Defendant, WACHOVIA, calculated the amount of commissions plaintiff was paid every pay-period.

114.   Defendant, WACHOVIA, calculated the amount plaintiff was paid every pay period based upon the business plaintiff was responsible for generating on behalf of defendant, WACHOVIA.

19

115.  Defendant, WACHOVIA, was supposed to calculate the amount plaintiff was paid every pay period based upon base salary plus the 20% commission owed to plaintiff for the business plaintiff generated on behalf of defendant, WACHOVIA.

116.  Plaintiff, VINCENT A. GORMAN, JR., was responsible for making Vikram Bedi a client of defendant, WACHOVIA.

117.  Plaintiff, VINCENT A. GORMAN, JR., was responsible for all new business generated for defendant, WACHOVIA, by Vikram Bedi.

118.  Plaintiff, VINCENT A. GORMAN, JR., was responsible for making Roger Davidson a client of defendant, WACHOVIA.

119.  Plaintiff, VINCENT A. GORMAN, JR., was responsible for all new business generated for defendant, WACHOVIA, by Roger Davidson.

120.  Plaintiff, VINCENT A. GORMAN, JR., was responsible for making Brendon Hughes a client of defendant, WACHOVIA.

121. Plaintiff, VINCENT A. GORMAN, JR., was responsible for all new business generated for defendant, WACHOVIA, by Brendon Hughes.

122. Plaintiff, VINCENT A. GORMAN, JR., was responsible for making Helga Ingvarsdotter a client of defendant, WACHOVIA.

123. Plaintiff, VINCENT A. GORMAN, JR., was responsible for all new business generated for defendant, WACHOVIA, by Helga Ingvarsdotter.

124. The clients brought in by plaintiff to defendant, WACHOVIA, to which the agreement is applicable for the relief sought herein, includes, and is not limited to: (1) Vikram Bedi, (2) Roger Davidson, (3) Brendon Hughes and (4) Helga Ingvarsdotter.

125. Plaintiff was entitled to be paid twenty (20%) percent commission(s) for any business plaintiff generated for defendant, WACHOVIA.

126. Plaintiff was entitled to be paid commission(s) for any business the clients that the plaintiff brought in generated for defendant, WACHOVIA.

21

127.  Plaintiff was entitled to be paid commission(s) for any business generated by: (1) Vikram Bedi, (2) Roger Davidson, (3) Brendon Hughes and/or (4) Helga Ingvarsdotter, for defendant, WACHOVIA, including any other client plaintiff brought into defendant, WACHOVIA.

## AS AND FOR A FIRST CAUSE OF ACTION

128.  Plaintiff repeats, reiterates and realleges each and every allegation as contained in the foregoing paragraphs with the same force and effect as though each were more fully set forth at length herein.

129.  In 2006, defendant, WACHOVIA, owed plaintiff twenty (20%) percent of approximately three-million two-hundred thousand ($3,200,000) dollars in commission(s) for business generated by plaintiff, VINCENT A. GORMAN, JR.

130.  In 2006, defendant, WACHOVIA, owed plaintiff twenty (20%) percent of approximately three-million two-hundred thousand ($3,200,000) dollars in commission(s) for business generated by clients that the plaintiff, VINCENT A. GORMAN, JR., was responsible for bringing in.

131.   In 2006, defendant, WACHOVIA, owed plaintiff twenty (20%) percent of approximately three-million two-hundred thousand ($3,200,000) dollars in commission(s) for business generated by clients, including, but not limited to: (1) Vikram Bedi, (2) Roger Davidson, (3) Brendon Hughes and/or (4) Helga Ingvarsdotter, which the plaintiff, VINCENT A. GORMAN, JR., was responsible for bringing in.

132.   Twenty (20%) percent of three-million two-hundred thousand ($3,200,000) dollars is six hundred and forty thousand ($640,000) dollars.

133.   In 2007, defendant, WACHOVIA, owed plaintiff twenty (20%) percent of approximately two-million eight-hundred thousand ($2,800,000) dollars in commission(s) for business generated by plaintiff, VINCENT A. GORMAN, JR.

134.   In 2007, defendant, WACHOVIA, owed plaintiff twenty (20%) percent of approximately two-million eight-hundred thousand ($2,800,000) dollars in commission(s) for business generated by clients that the plaintiff, VINCENT A. GORMAN, JR., was responsible for bringing in.

23

135. In 2007, defendant, WACHOVIA, owed plaintiff twenty (20%) percent of approximately two-million eight-hundred thousand ($2,800,000) dollars in commission(s) for business generated by clients, including, but not limited to: (1) Vikram Bedi, (2) Roger Davidson, (3) Brendon Hughes and/or (4) Helga Ingvarsdotter, which the plaintiff, VINCENT A. GORMAN, JR., was responsible for bringing in.

136. Twenty (20%) percent of two million eight-hundred thousand ($2,800,000) dollars is five hundred and sixty thousand ($560,000) dollars.

137. In 2008, defendant, WACHOVIA, owed plaintiff commission(s) for business generated by plaintiff, VINCENT A. GORMAN, JR.

138. In 2008, defendant, WACHOVIA, owed plaintiff commission(s) for business generated by clients that the plaintiff, VINCENT A. GORMAN, JR., was responsible for bringing in.

24

139. In 2008, defendant, WACHOVIA, owed plaintiff commission(s) for business generated by plaintiff's clients, including, but not limited to: (1) Vikram Bedi, (2) Roger Davidson, (3) Brendon Hughes and/or (4) Helga Ingvarsdotter, which the plaintiff, VINCENT A. GORMAN, JR., was responsible for bringing in.

140. In or around January of 2007, plaintiff personally met with James Cotto, an employee, agent, servant, and/or independent contractor of defendant, WACHOVIA.

141. In or around January of 2007, plaintiff personally met with James Cotto to discuss WACHOVIA's failure to pay plaintiff all commissions owed to him.

142. In or around January of 2007, James Cotto acknowledged that plaintiff was not paid all commissions owed to plaintiff.

143. In or around January of 2007, James Cotto responded to plaintiff that James Cotto would "give it some thought" relative to the commissions owed to plaintiff.

144.   In or around January of 2007, plaintiff was contacted by Guy Schoepfer, WACHOVIA's representative, to meet to review the outstanding commissions owed to plaintiff in furtherance of plaintiff's discussion with James Cotto.

145.   In or around February of 2007, plaintiff was contacted by Guy Schoepfer, WACHOVIA's representative, to meet to review the outstanding commissions owed to plaintiff in furtherance of plaintiff's discussion with James Cotto.

146.   In or around January of 2007, plaintiff personally met with Guy Schoepfer, WACHOVIA's representative.

147.   In or around February of 2007, plaintiff personally met with Guy Schoepfer, WACHOVIA's representative.

148.   In or around January of 2007, plaintiff personally met with Guy Schoepfer, WACHOVIA's representative, to discuss WACHOVIA's failure to pay plaintiff all commissions owed to him.

149. In or around February of 2007, plaintiff personally met with Guy Schoepfer, WACHOVIA's representative, to discuss WACHOVIA's failure to pay plaintiff all commissions owed to him.

150. In or around January of 2007, Guy Schoepfer acknowledged that plaintiff was not paid all commissions owed to plaintiff.

151. In or around February of 2007, Guy Schoepfer acknowledged that plaintiff was not paid all commissions owed to plaintiff.

152. In or around January of 2007, Guy Schoepfer informed the plaintiff that plaintiff could not be paid the total amount of the commissions owed to him.

153. In or around February of 2007, Guy Schoepfer informed the plaintiff that plaintiff could not be paid the total amount of the commissions owed to him.

154. In or around January of 2007, Guy Schoepfer informed plaintiff that plaintiff could not be paid the total amount of commissions owed to him as he would end up receiving more than Paul Padovani.

155.   In or around February of 2007, Guy Schoepfer informed plaintiff that plaintiff could not be paid the total amount of commissions owed to him as he would end up receiving more than Paul Padovani.

156.   In or around January of 2007, Guy Schoepfer informed plaintiff that plaintiff could not be paid the total amount of commissions owed to him as he would be paid almost as much as James Cotto.

157.   In or around February of 2007, Guy Schoepfer informed plaintiff that plaintiff could not be paid the total amount of commissions owed to him as he would be paid almost as much as James Cotto.

158.   In or around January of 2007, Guy Schoepfer informed plaintiff that plaintiff could not be paid the total amount of commissions owed to him as he would end up receiving more than Paul Padovani and almost as much as James Cotto.

159. In or around February of 2007, Guy Schoepfer informed plaintiff that plaintiff could not be paid the total amount of commissions owed to him as he would end up receiving more than Paul Padovani and almost as much as James Cotto.

160. Despite actual notice being given to representatives of defendant, WACHOVIA, by plaintiff, VINCENT A. GORMAN, JR., defendant, WACHOVIA, breached the agreements entered into with plaintiff and failed to pay plaintiff, VINCENT A. GORMAN, JR., all commission(s) plaintiff was entitled to for all business generated for defendant, WACHOVIA, from the clients plaintiff was responsible for bringing in to defendant, WACHOVIA; which include, but are not limited to: (1) Vikram Bedi, (2) Roger Davidson, (3) Brendon Hughes and/or (4) Helga Ingvarsdotter.

161. Specifically, in 2006, defendant, WACHOVIA, failed to pay plaintiff, VINCENT A. GORMAN, JR., six-hundred and forty thousand ($640,000) dollars in commission(s) he was entitled to of the approximately three-million two-hundred thousand ($3,200,000) dollars for business generated by clients, including, but not limited to: (1) Vikram Bedi, (2) Roger Davidson, (3) Brendon Hughes and/or (4) Helga Ingvarsdotter, which the plaintiff, VINCENT A. GORMAN, JR., was responsible for

29

bringing in; in 2007, defendant, WACHOVIA, failed to pay plaintiff, VINCENT A.

GORMAN, JR., five-hundred and sixty thousand ($560,000) dollars in commission(s)

he was entitled to of the approximately two-million eight-hundred thousand

($2,800,000) dollars for business generated by clients, including, but not limited to: (1)

Vikram Bedi, (2) Roger Davidson, (3) Brendon Hughes and/or (4) Helga

Ingvarsdotter, which the plaintiff, VINCENT A. GORMAN, JR., was responsible for

bringing in; in 2008, defendant, WACHOVIA, failed to pay plaintiff, VINCENT A.

GORMAN, JR., all commission(s) he was entitled to for business generated by clients,

including, but not limited to: (1) Vikram Bedi, (2) Roger Davidson, (3) Brendon

Hughes and/or (4) Helga Ingvarsdotter, which the plaintiff, VINCENT A. GORMAN,

JR., was responsible for bringing in; defendant, WACHOVIA, failed to investigate

plaintiff's reports of being owed outstanding commissions pursuant to the agreements;

defendant, WACHOVIA, failed to conduct a proper accounting in order to determine

which commissions were owed to plaintiff, VINCENT A. GORMAN, JR.; and

defendant, WACHOVIA, failed to properly keep track of the commissions owed to

plaintiff pursuant to their agreements.

162. Plaintiff, VINCENT A. GORMAN, JR., is entitled to the total

commission(s) owed to plaintiff by defendant, WACHOVIA, for the business

generated in 2006 and 2007 by plaintiff's clients, which is approximately one-million two-hundred thousand ($1,200,000) dollars, in addition to all outstanding commissions owed to plaintiff from business generated by plaintiff's clients in 2008; plus attorney's fees, interest, costs and disbursements.

163.    Defendant, WACHOVIA, breached its agreement with plaintiff, VINCENT A. GORMAN, JR.

164.    Demand has been made for the balance due and payment has not been forwarded to plaintiff by defendant, WACHOVIA

165.    That plaintiff, VINCENT A. GORMAN, JR., has been damaged in a sum in excess of the monetary jurisdiction of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

166.    Plaintiff repeats, reiterates and realleges each and every allegation as contained in the foregoing paragraphs with the same force and effect as though each were more fully set forth at length herein.

31

167. Section 191 of the New York State Labor Law applies to Payment of Wages - Frequency of Payments.

168. Section 191(1)(c) of the New York State Labor Law applies to Commission Salespersons.

169. Plaintiff, VINCENT A. GORMAN, JR., was a commission salesperson for defendant, WACHOVIA.

170. Section 191(1)(c) of the New York State Labor Law applies to plaintiff, VINCENT A. GORMAN, JR.

171. Section 191(1)(c) of the New York State Labor Law states in pertinent part: "A commission salesperson shall be paid the wages, salary, drawing account, commissions, and all other monies earned or payable in accordance with the agreed terms of employment...."

172. Defendant, WACHOVIA, violated Section 191(1)(c) of the New York State Labor Law, by failing to pay plaintiff all commissions owed to plaintiff.

173. Plaintiff is entitled to the outstanding commissions owed to plaintiff in the amount of one-million two-hundred thousand ($1,200,000) dollars plus all outstanding commissions generated by plaintiff's clients in 2008 and an award of reasonable attorney's fees, court costs, and disbursements.

174. That plaintiff, VINCENT A. GORMAN, JR., has been damaged in a sum in excess of the monetary jurisdiction of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

175. Plaintiff repeats, reiterates and realleges each and every allegation as contained in the foregoing paragraphs with the same force and effect as though each were more fully set forth at length herein.

176. Section 191-c of the New York State Labor Law is entitled Payment of Sales Commissions.

33

177.  Section 191-c (3) of the New York State Labor Law entitled Payment of Sales Commissions states in pertinent part: A principal who fails to comply with the provisions of this section concerning timely payment of all earned commissions shall be liable to the sales representative in a civil action for double damages.  The prevailing party in any such action shall be entitled to an award of reasonable attorney's fees, court costs, and disbursements."

178.  Plaintiff, VINCENT A. GORMAN, JR., is an independent contractor for defendant, WACHOVIA.

179.  Plaintiff, VINCENT A. GORMAN, JR., is a sales representative  for defendant, WACHOVIA as defined by Section 191-a of the New York State Labor Law.

180.  Section 191-c (3) of the New York State Labor Law applies to the employment relationship between defendant, WACHOVIA, and plaintiff, VINCENT A. GORMAN, JR.

34

181.   Section 191-c (3) of the New York State Labor Law applies to defendant's, WACHOVIA, failure to pay plaintiff all commissions owed to plaintiff pursuant to the agreements entered into between the plaintiff and defendant, WACHOVIA.

182.   Plaintiff is entitled to double damages (double the amount of outstanding commissions) in the amount of two-million four hundred thousand ($2,400,000) dollars plus an award of reasonable attorney's fees, court costs, and disbursements.

183.   That plaintiff, VINCENT A. GORMAN, JR., has been damaged in a sum in excess of the monetary jurisdiction of all lower courts.

## AS AND FOR A FOURTH CAUSE OF ACTION

184.   Plaintiff repeats, reiterates and realleges each and every allegation as contained in the foregoing paragraphs with the same force and effect as though each were more fully set forth at length herein.

185.   Plaintiff performed services for defendant, WACHOVIA.

35

186.  Plaintiff, VINCENT A. GORMAN, JR., brought in clients to defendant, WACHOVIA, in which defendant, WACHOVIA, earned money from said clients.

187.  The reasonable value for said services and the reasonable value of commissions due to plaintiff is one-million two-hundred thousand ($1,200,000) dollars.

188.  Plaintiff is entitled to *quantum meruit.*

189.  Plaintiff is entitled to one-million two hundred thousand ($1,200,000) dollars, including interest, costs and disbursements.

190.  That plaintiff, VINCENT A. GORMAN, JR., has been damaged in a sum in excess of the monetary jurisdiction of all lower courts.

**WHEREFORE**, plaintiff demands judgment against defendant, in the sum of one-million two-hundred thousand ($1,200,000) dollars, plus all outstanding commissions generated by plaintiff's clients in 2008 on the First Cause of Action; one-million two-hundred thousand ($1,200,000) dollars, plus all outstanding commissions

36

generated by plaintiff's clients in 2008 on the Second Cause of Action two-million four-hundred thousand ($2,400,000) dollars on the Third Cause of Action plus reasonable attorney's fees, court costs and disbursements; and one-million two-hundred thousand ($1,200,000) dollars, plus all outstanding commissions generated by plaintiff's clients in 2008 on the Fourth Cause of Action; together with attorney's fees, costs, interest and disbursements of this action.

Dated:    Scarsdale, New York
          July 8, 2008

                                        Yours, etc.

                                        ANTHONY PIRROTTI, JR., ESQ.
                                        PIRROTTI LAW FIRM LLC
                                        Attorneys for Plaintiff
                                        2 Overhill Road, Suite 200
                                        Scarsdale, New York 10583
                                        (914) 723-4333

### ATTORNEY'S CERTIFICATION

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief, and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:    July 8, 2008

                                        ANTHONY PIRROTTI, JR.

M:\G\GORMAN\2744-01D\COMP.01

# VERIFICATION

STATE OF NEW YORK         )
                                 )  ss.:

COUNTY OF WESTCHESTER   )

**VINCENT A. GORMAN, JR.,** being duly sworn, deposes and says:

I am a plaintiff in the above-entitled action.

I have read the annexed **VERIFIED COMPLAINT,** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

VINCENT A. GORMAN, JR.

Sworn to before me this
8 day of July, 2008

NOTARY PUBLIC

DIANE SOBCZAK
Notary Public, State Of New York
No. 4845095
Qualified In Westchester County
Commission Expires Jan. 31, 2010

38

COURT:    SUPREME COURT WESTCHESTER COUNTY    Date Filed:    7/11/2008

| Plaintiff(s)/Petitioner(s) | VINCENT A. GORMAN, JR. | |
|---|---|---|
| Defendant(s)/Respondent(s) | WACHOVIA CORPORATION, ET AL | Vs. |

STATE OF    NORTH CAROLINA

COUNTY OF: MECKLENBURG                                                                SS.

The undersigned deponent, being duly sworn deposes and say that said deponent is not a party to this action, is over 18 years of age and resides in the State of    NORTH CAROLINA                     Deponent served the within process as follows:

Process Served:

Party Served:    SUMMONS AND VERIFIED COMPLAINT

                 WACHOVIA CORPORATION

At Location:     301 SOUTH COLLEGE STREET, SUITE 4000

                 ONE WACHOVIA CENTER

                 CHARLOTTE, NC 28288

Date of Service    July 25, 2008          Time of service     2:25p.m.

### Check boxes that apply in this service:

**#1, INDIVIDUAL**    By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

☑ **#2, CORPORATION**    By delivering to and leaving with    Elizabeth Gass    and that deponent knew the person so served to be the    paralegal    of the corporation and authorized to accept service..

**#3, SUITABLE AGE PERSON**    By delivering to and leaving with _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business  [ ] dwelling house(usual place of abode) within the state.

**#4, AFFIXING TO DOOR**    By affixing a true copy of each to the door of said premises, which is recipient's
[ ] actual place of business        [ ] dwelling house(usual place of abode) within the state.

**#5, MAILING COPY**    On _____, deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of _____.
Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

**#6, NON-SERVICE**    After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following: [ ] Unknown Address    [ ] Evading
[ ] Moved left no forwarding    [ ] Address does not exist
[ ] Other _____

**#7, DESCRIPTION**    A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex: f    Color of Skin: white    Color of Hair: brown    Age: 55    Height: 5'4"
Weight: 135#    Other Features _____

**#8, WITNESS FEES**    $_____ the authorizing traveling expenses and one day's witness fee was paid(tendered) to the recipient.

**#9, MILITARY SERVICE**    Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service of the State of New York and was informed _____ was not.

Sworn to before me on    July 28, 2008

Ruth Ann Reynolds

My Commission Expires
March 31, 2011

NOTARY PUBLIC
MECKLENBURG COUNTY, N. C.

COURT:    SUPREME COURT WE    HESTER COUNTY    Filed: 7/11/2008

Plaintiff(s)/Petitioner(s)    VINCENT A. GORMAN, JR.

Defendant(s)/Respondent(s)    WACHOVIA CORPORATION, ET AL    Vs.

STATE OF    MISSOURI

COUNTY OF:    SS.

The undersigned deponent, being duly sworn deposes and say that said deponent is not a party to this action, is over 18 years of age and resides in the State of    **MISSOURI**    Deponent served the within process as follows:

Process Served:    SUMMONS AND VERIFIED COMPLAINT

Party Served:    WACHOVIA SECURITIES, LLC

At Location:    1 NORTH JEFFERSON

ST. LOUIS, MO 63103

Date of Service    7-23-08    Time of service    11:53 am

☑ *Check boxes that apply to this service:*

☐ **#1, INDIVIDUAL**    By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

☑ **#2, CORPORATION**    By delivering to and leaving with    *Tara Kendle*    and that deponent knew the person so served to be the    *admin asst legal*    of the corporation and authorized to accept service..

☐ **#3, SUITABLE AGE PERSON**    By delivering to and leaving with _____ a person of suitable age and discretion. Said premises is recipient's [ ]actual place of business  [ ]dwelling house(usual place of abode) within the state.

☐ **#4, AFFIXING TO DOOR**    By affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business    [ ]dwelling house(usual place of abode) within the state.

☐ **#5, MAILING COPY**    On _____, deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of _____.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

☐ **#6, NON-SERVICE**    After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following: [ ] Unknown Address    [ ] Evading
[ ] Moved left no forwarding    [ ] Address does not exist
[ ] Other _____

☑ **#7, DESCRIPTION**    A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:

Sex: F    Color of Skin: W    Color of Hair: Brown    Age: 30    Height: 5'6"

Weight: 140    Other Features _____

☐ **#8, WITNESS FEES**    $ _____ the authorizing traveling expenses and one day's witness fee was paid(tendered) to the recipient.

☐ **#9, MILITARY SERVICE**    Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed _____ was not.

Sworn to before me on    7/25/08    X _____

KELLEY A. BANNISTER
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: May 13, 2011
Commission # 07393092

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

VINCENT A. GORMAN, JR.,

                Plaintiff,

vs.

WACHOVIA CORPORATION and
WACHOVIA SECURITIES, LLC,

                Defendants.

Civil Action No. _____

**CERTIFICATION OF SERVICE**

KATHLEEN McLEOD CAMINITI, ESQ., certifies as follows:

1.      I am an attorney-at-law admitted in the States of New Jersey and New York and of counsel with the law firm of Fisher & Phillips, LLP, attorneys for defendants Wachovia Corporation and Wachovia Securities LLC ("Wachovia" or "Defendants") in the above-referenced matter. As such, I am familiar with the facts set forth herein.

2.      On this date, I caused to be sent for filing, via Federal Express, an original and one copy of Defendants' Notice of Removal with Attachments, Rule 7.1 Disclosure Statement, Civil Cover Sheet and Certificate of Service to:

> Clerk, United States District Court
> Southern District of New York
> United States Courthouse
> 300 Quarropas Street
> White Plains, New York 10601-4150